IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARVIN TUTT                              :
                                         :
                                         :
    v.                                   :   Civil Action No. DKC 25-2006
                                         :
REGINA ROBINSON, et al.                  :
                                         :

**MEMORANDUM OPINION**

On June 23, 2025, Plaintiff filed a complaint, claiming that Defendants conspired to violate his civil rights through the collection/enforcement of child support. (ECF No. 1). Plaintiff also filed the following motions: for leave to proceed *in forma pauperis*, notice of litigation funding, motion for protective order, motion for early settlement conference, and motion to expedite consideration. (ECF Nos. 2, 3, 4, 5, and 6). Based on the information submitted, Plaintiff appears to be indigent and the motion for leave to proceed in forma pauperis will be granted. For the reasons that follow, however, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any case that is frivolous, malicious, or fails to

state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i),(ii). This court is mindful, however, of its obligation to construe self-represented pleadings liberally, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys[.]" *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Plaintiff's original verified 66-page complaint begins with what Plaintiff describes as a summary:[1]

---

[1] Local Rule 103.1.d limits pleadings to 40 pages in length.

> [o]n June 17, 2022, a government agency did something that appears unprecedented in Maryland history: it filed as CO-PLAINTIFF with a private citizen, sharing the same attorney, to prosecute a father who was completing court-ordered education. This created a mathematical impossibility —he couldn't work full-time to pay support AND attend school full-time to complete his mandate. When he exposed their fraud, they didn't stop—they continued illegally punishing him and garnishing him weekly using phantom income from a job they mysteriously couldn't garnish when he actually worked there.

(ECF No. 1 ¶2). From there, he proceeds to name as defendants: Regina Robinson (a plaintiff in Case No. C-08-FM-22-000821); Charles County Child Support Administration (co-plaintiff with Ms. Robinson); Charles County Department of Social Services; Charles County, Maryland; Shara Gabrielle Hendler (counsel for Plaintiff in the child support case); Andrea Khoury (magistrate); and Mistey L. Metzgar (magistrate). (*Id.*, at 1)

This court can take judicial notice of the state court records. See *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[w]e note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

In his summary, Plaintiff is referencing a complaint filed by Charles County Child Support Administration EX REL Regina Robinson on June 17, 2022, through a petition to establish paternity and child support. It recited that the Administration was providing child support services on behalf of the minor child. The complaint was granted, establishing paternity, and setting child support and other obligations. Payment of the child support was to be through the Maryland Child Support Account. On June 18, 2025, a Family Magistrate recommended that child support be adjusted. All payments were still to be made through the Maryland Child Support Account. Exceptions were due July 1, but none seem to have been filed. This action was filed on June 23, 2025.

Plaintiff's entire complaint arises from his discontent with the nature and course of proceedings in the Charles County domestic relations case. The pendency of state court proceedings, particularly in the family law context, raises significant questions about this court's jurisdiction and ability to proceed. In cases invoking diversity jurisdiction, federal jurisdiction is clearly lacking:

> [A] question of federal court's jurisdiction of child custody matters is not an extensive inquiry. In fact, "[the Fourth Circuit] has consistently acknowledged and upheld this lack of federal court jurisdiction in the area of

> domestic relations. *Doe v. Doe*, 660 F.2d 101, 105 (4th Cir. 1981); *see also Johnson v. Byrd*, No. 1:16cv1052, 2016 WL 6839410, *1, *13 (M.D.N.C. 2016) (noting that "[t]he case may not proceed in this court for a number of reasons. First, it involves matters of family law. Such issues have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. Under the domestic relations exception to federal jurisdiction, federal courts generally abstain from review of such cases") (internal citation omitted).
>
> > Reason and precedent both dictate that in this, a purely custodial case between private parties, [ ] the federal courts not intervene. The policy that the federal courts not entertain the case is so strong that any exercise of jurisdiction by the district court would amount to an exercise of power it does not possess. Prohibition lies for the improper exercise of jurisdiction which may otherwise exist.
>
> *Doe*, 660 F.2d at 106.

*Roe v. Jenkins*, No. 1:20-CV-140, 2021 WL 1026524, at *2 (N.D.W. Va. Mar. 17, 2021).

Here, Plaintiff purports to invoke federal question jurisdiction in a possible attempt to evade that doctrine. Nevertheless, generally applicable abstention doctrines also counsel in favor of dismissing this action. Plaintiff clearly challenges state court proceedings that are ongoing. See *Parsons*

5

*v. McDaniel*, 784 Fed. App'x 164, 165 (4th Cir. 2019) (applying *Younger v. Harris*, 401 U.S. 37 (1971)). A comprehensive discussion of the various abstention doctrines is provided in *Desper v. Demastus*, Case No. 7:20-cv-00749, 2021 WL 5049773 at *2-*4 (W.D.Va. Nov. 1, 2021).

In any event, the complaint fails to state a viable claim. The naming of state court judicial officers is improper as they have immunity. In *Murphy v. Goff*, the court found that:

> To the extent Plaintiffs name any state court judges in their complaint, it is well-established that judges are absolutely immune from liability for damages arising out of their judicial actions. *Chu v. Griffith,* 771 F.2d 79, 81 (4th Cir. 1985) (citing *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1872); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Although the Supreme Court of the United States has held that judicial immunity does not extend to injunctive relief, *Pulliam v. Allen,* 466 U.S. 522, 536–543, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), Congress has amended § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." Based on this amendment, courts have held that § 1983 limits the type of relief available to plaintiffs who sue judicial officers to declaratory relief. *See Bolin v. Story,* 225 F.3d 1234, 1242 (11th Cir. 2000); *Johnson v. McCuskey,* 72 Fed. App'x. 475, 477 (7th Cir. 2003).

> The doctrine of judicial immunity is expansive. *Cleavinger v. Saxner,* 474 U.S. 193, 199–200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985) (quoting *Bradley,* 80 U.S. at 347). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump,* 435 U.S. at 356–357. Rather, the doctrine of judicial immunity is only overcome when a judge's actions are not taken in his judicial capacity or when they are taken in the complete absence of all jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). With respect to the first inquiry, courts must "draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges." *Forrester v. White,* 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Stump,* 435 U.S. at 362. With respect to the second inquiry, courts must distinguish between actions that are taken in the "clear absence of all jurisdiction" over the subject matter, which are not afforded the protection of judicial immunity, and actions that are merely in "excess of jurisdiction," which are afforded such protection. *Id.* at 356. The Supreme Court has emphasized that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.* at 356.

*Murphy v. Goff*, No. 6:10-CV-00026, 2010 WL 2292130, at *2–*3 (W.D. Va. June 7, 2010). The allegations here do not overcome the

7

judicial immunity of the magistrates and Plaintiff's claims against them cannot proceed.

Beyond that, Plaintiff's conspiracy claims are completely devoid of factual support. There is nothing nefarious about the child support agency bringing an action "ex rel" with the parent who has custody and is receiving assistance. Thus, the conclusory allegations are legally insufficient. A similar attempt was rejected by the court in *Murphy*:

> See *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983) ("When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."); see also *Roginsky v. Blake*, 131 F.Supp.2d 715, 719 (D.Md. 2000) ("Plaintiff offers no detailed factual account to show a conspiracy with a state actor. For example, Plaintiff's claim that Judge Nalley was involved in a conspiracy as evidenced by his ruling on a continuance is not enough.").

*Murphy*, 2010 WL 2292130 at *4.

Accordingly, Plaintiff has failed to provide legally sufficient allegations of any conspiracy under 42 U.S.C. § 1983 and his federal claims fail. This court both declines to exercise supplemental jurisdiction over any state law claims, 28 U.S.C. §

8

1367(c)(3), and lacks jurisdiction due to the domestic relations exception.  The entire original action will be dismissed.

After filing the initial complaint, Plaintiff attempted to amend to add claims against the then assigned district judge. (ECF No. 8).  After initial assignment to a magistrate judge, the case was reassigned to Judge Chuang on July 8, 2025, and, as is his normal and routine practice, a case management order was issued the same date.  (ECF No. 12).  Between June 30 and July 15, 2025, Plaintiff filed several motions: for leave to amend his complaint, to correct the case caption, to recuse Judge Chuang, to vacate the case management order, to transfer this action to the Eastern District of Virginia, for discovery generally and discovery to learn why Judge Chuang issued a case management order, to stay garnishments issued by the state court, and to allow *pro se* filers to use the court's CM/ECF system.  (ECF Nos. 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25).  Plaintiff asserts that a separate case filed by the Department of Justice against all Maryland federal judges creates a conflict requiring the recusal of Judge Chuang and contends that a judge who is defending himself cannot, neutrally, preside over cases involving Maryland government corruption. (ECF No. 14). The case was reassigned to the undersigned on July 22, 2025.

First and foremost, any suit against Judge Chuang is prohibited by the doctrine of judicial immunity. *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992). Second, the mere pendency of the litigation involving this court's standing order does not affect the ability of individual judges to continue to adjudicate other cases. Thus, the purported amendments are futile.

Because the action will be dismissed, all motions other than the motion to proceed in forma pauperis are denied as moot. A separate order follows.

                                                  /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge